Randal Barnum for the appellant Martin Cantu Ruiz Judge Windmill correctly found that there was reckless disregard for the truth in omissions that were made during the warrant application and ultimately found that they weren't necessarily material to whether or not the warrant should issue or not issue A majority of the cases that were cited in the briefing deal with credibility of informants In analogizing this case to both the Hall case and then distinguishing it from the Melling case In the Hall case, ultimately the court found and set aside the warrant based upon the false information because the information that was at the core of the warrant and for the issuance of the warrant all came from the confidential source or from the informant, the known informant in that particular case In Melling, the court found there was certainly there was reckless disregard with respect to failure to inform of the mental illness and the recent felony conviction and made also a statement that that in essence had obliterated the credibility of the informant However, in the Melling case, there was a significant amount of information that had been discovered by law enforcement without the reliance upon the informant, so the warrant still issued in that particular case I think in some respects the frustration with this is I don't understand why Officer Plaza didn't tell the magistrate everything that he absolutely knew in this case, which always brings back to the smell test and something smells wrong about this particular case As disclosed in the materials, I believe there was nothing other than the statements of Detective Plaza There wasn't anything to corroborate the conversation that took place between himself and Ms. Scales other than his statements As the court knows from the facts, we have a person who walks up to, knocks on a door, asks for an occupant of the house claimed by Mr. Mills, who is the person who was ultimately shot in the knee and then Ms. Scales, who is a third party that is inside of the trailer, that it's McDawg, it's Jessica here So that information is ultimately relayed by Mr. Mills and Ms. Scales to law enforcement And then the next thing is, Mr. Mills says, who is face to face with his assailant, could not identify Mr. Reese from a photo lineup But then we have Ms. Scales who makes an identification, which through the record we know is through the door jam Which means she's perceiving it through a very small space and the door is between her and the assailant So she has a limited ability to observe Officer Plaza doesn't make any reference to the controlled drug purchase that it is Okay, but was that information in the application or not, where she was standing? Yes, Judge It indicates the door opens toward her and also So the magistrate did or didn't know of where she was positioned That seemed to be a prime focus of the district court, whether the omissions would affect that part of her credibility The magistrate was informed of that, yes, Judge Okay, so Judge Windmill said he went through the analysis He said he agreed it was reckless, but he was looking at the second prong as to whether it was material Well, I think he was Misleading to the magistrate judge So what does the fact of whether she had become a confidential informant because of an unrelated drug matter The question was whether or not she was in a position to identify the shooter And he focused on that and said, well, you know, he's reckless, but I don't think these grounds that you're being urged to suppress affect materiality I think the one aspect, at least from my standpoint, is that the fact that she lied to the police officers He did not address that, I don't know, I assume that that was put before Judge Windmill It was, Your Honor The fact that the officers felt that the occupants of the house, Mr. Mills and Ms. Scales, were withholding information That they weren't forthright in speaking with the officers Going to the issue of the ability to perceive, and I agree that is a primary factor that Judge Windmill had focused on as well What is there in the record that suggests that she was lying about actually observing Mr. Reese in the doorway or not? And how do we attack our credibility with respect to that? And I guess I come full circle to the issue of when you have someone who is withholding information You have someone who was involved in a controlled purchase of narcotics earlier that day and had agreed to become an informant A person who, other information that was not included in the warrant application Was that she had indicated, she picked out one of two individuals and based upon the thing on his face, she chose Mr. Reese That when you take all of this information together and you look at it, the other question that you can ask is Why is she credible at that point? And so, I mean, in some respects I think it can be a chicken and egg requirement as well When you have a person who the police clearly believe is not being honest with them The police then proffer as evidence, credible evidence, this identification And so the police are then picking and choosing what information is going to be credible or believable And presented to the magistrate for a determination of the warrant application So if she's not credible on all these other factors, why is she credible with respect to the identification? Other than they're going to prop it up by this is an eyewitness event that she actually perceived and saw And therefore she must be credible because she's made this statement Are you suggesting that she didn't see at all? Is that what you think the magistrate judge would have concluded if he'd known these other factors? I would hope that the magistrate judge would have sought further inquiry into the matter There's no doubt that there was a shooting and there was no dispute she was in the trailer, is that right? Yes, Your Honor What is the significance, if any, in terms of this issue to the fact that the attacker identified himself as McDogg And that is apparently an alias of the person who was searched, Mr. Ruiz Your Honor, I didn't do a search to determine how many various different people go by the alias of McDogg Certainly that information was provided again by Mr. Mills and Ms. Scale And that they provide all of the identifying information once again as to this alleged assailant It again puts their credibility at issue In other words, are you suggesting, let's say they knew that Ruiz had an alias, McDogg And they had some motive to try to get him on some issue And so they said that McDogg was the shooter Absolutely, Your Honor So their credibility being an issue You think the police should have told the magistrate about their drug dealings and so on? Yes, Your Honor Because otherwise this is almost looking at this As well as the finding of the drugs in the house and the handgun in the house Because I believe this is germane to the issue Because in some respect the why I think is always a relevant question And an inquiry for a magistrate to make an issue and a warrant as well As to the, someone got shot Usually someone's going to ask the why I think it's human nature as well to understand the why this particular thing happened And then if you look at it in the context of was this a drug deal or what the case may be And whether or not there's motivation on the part of Ms. Scales to be untruthful Can I just quickly, was there any indication about, any explanation about who Jessica was or whether there was a Jessica? There was indication, I'm running over my time Your Honor There was a Jessica that resided at the trailer She was not present at the time You should take whatever time you want to give Judge Kristina I'll just be quick, if I could This happened at 4.20 in the morning? Yes, Your Honor Did they testify that they got up in response to the knock on the door? Had they been asleep? No, Your Honor They had not been asleep, they were awake She was sitting at a computer behind the door when the door opened Right, and so that's my last question She was seated there previously when there was a knock on the door? Yes, Your Honor She just happened to be sitting right there? Yes, Your Honor Thank you Okay, your time is up Thank you But we will give you one minute for rebuttal Thank you, Your Honor If you want to plan for that Okay, we'll now hear from the government, please Thank you May it please the Court Christian Nasker on behalf of the United States Ultimately, there was probable cause to issue the warrant when you include both the omissions that the District Court found were recklessly omitted as well as those that the District Court assumed for purposes of argument were recklessly omitted There were three eyewitnesses to a shooting that occurred in the trailer park in the early morning hours in Payette, Idaho in which one man was shot in the knee The victim and his girlfriend told law enforcement that a man who identified himself as McDawg tried to come into their trailer along with a second man who was wearing a Halloween mask Law enforcement discovered that a felon by the name of Ruiz used the alias McDawg and there were some questions about the significance of McDawg Payette is a rural ranching town of 7,000 people by Hell's Canyon When they searched McDawg, there was one individual that came up with an alias Only one? As far as I know, Your Honor The briefing says that he came up I just wondered if anybody else came up, too Not to my knowledge I don't believe that's in the record who recently got out of prison in a sister town, Ontario, Oregon Based on that information, they put a photo lineup together and showed that to both Mills and Scales Now, Your Honor had some questions about Well, what if this was some conspiracy to frame McDawg? Well, in that scenario, you would probably have both Mr. Mills and Ms. Scales say That's the guy On the other hand, Mr. Mills said he couldn't identify him and Mr. Mills was face-to-face with him, right? Correct Is there any explanation about that? About reading glasses or vision glasses? I understand it was 4.20 in the morning but was any explanation ever given how he couldn't see the guy? There was not 4.30 in the morning, two people show up at your doorstep with a gun Someone's wearing a mask I don't know if he's looking at the person in the Halloween mask when someone busts in There's all sorts of explanations for why he would have a hard time picking someone up Did Scales testify that she was or report that she was able to see the person with the mask or just the person at the door? She said that there was two individuals However, she said that she could see the unmasked individual through the crack of the door So how did she know there were two individuals? If she could only see one Or am I misunderstanding your answer? You're not I believe that the focus, at least, of the evidence that was presented to the magistrate judge was that she saw the unmasked individual through the crack of the door But she said that there were two? I believe all three witnesses Both Ms. Williams, the neighbor, Mr. Mills, and Ms. Scales said that there were two assailants Did both of them speak? Did two people speak? I don't believe anyone ever attributed any comments from the masked individual So if she didn't hear him I'm sorry, who had the mask? The assailant who was holding the AK-47 The clown It was the scream type mask, I believe, from the movie Scream So in other words, I think Judge Fischer and I were wondering the same thing It sounds like she couldn't see him and she couldn't hear him But she reported that there were two people That's what seems so odd To be honest with you, I'm unsure off the top of my head If the only thing that would be in the record would be the detective's statement to the magistrate And whether she said two And I believe the detective just focused on her identification of her wheeze Whether or not she also said there was a second individual, I'm unsure Okay, thank you Who did they identify as? Because I understood you to say that the person at the door that spoke referred to McDawg It was conveyed to the magistrate that he identified himself as McDawg Okay, and who conveyed that and attributed it to whom? Both Mr. Mills and Ms. Scales Attributed the statement at the door Who said McDawg? The non-masked individual Okay, so he used the name and did they say more than that? Was he referring to the guy in the mask or identified himself? Identified himself as McDawg and asked for justification And that's what I have lost track of McDawg is a.k.a. of? Martin Cantu Ruiz Okay, and so she heard that person speak Correct Okay, and she didn't hear the guy in the Halloween mask speak Nobody attributed any words to that person That's correct Okay, thank you When a photo lineup was shown, Ms. Scales said that she was 90% sure that the individual who identified himself as McDawg Was ultimately Martin Cantu Ruiz I spoke briefly, there was a neighbor that provided information that only saw a masked individual go to the trailer She saw a scuffle and then she heard two shots and saw two individuals flee the scene They found two shell casings at the scene and then they traced a phone call from Ruiz's phone to a known address But when you add the additional information, the omitted facts, both those assumed and found by the district court What you have is the magistrate would be presented with information that Ms. Scales was known to have previously sold drugs to an undercover officer Before the shooting and shortly after the shooting That she was dishonest regarding whether or not there were drugs in the trailer And that she had agreed to prospectively work as a confidential informant in the future on drug cases But that her cooperation was in no way related to the shooting investigation So the ultimate question is when you add that additional information Do you or do you not have probable cause to issue the warrant? And I concur with the district court that you do have probable cause And I understand that it's troubling and it is obviously troubling to the district court that the detective didn't provide that information It's troubling to the U.S. Attorney's Office Tell the district court that, why? If for no other reason it doesn't hurt the fact that you'll have probable cause And that's ultimately the question at the end of the day If you don't have any further questions I have one question Am I correct in thinking that this type of procedure to get a search warrant That it's entirely a law enforcement operation That is the U.S. attorneys aren't involved setting standards for what has to be disclosed Well this was unique and this was a pay at police department investigation It was not a federal investigation The U.S. Attorney's Office certainly we do not do oral affidavits for a search warrant And it would be nice if the local police departments didn't either Because you have problems like these And so there was no discussion with the U.S. Attorney's Office before going in to get this warrant Okay, the decision Judge Windmill made I wasn't sure quite how to categorize it in my mind in terms of doctrine So he said that the information should have been disclosed But it didn't really matter Is that just saying that it was a harmless error not to disclose it Or is it saying that what was disclosed So clearly shows a fair probability of finding evidence of a crime That it doesn't matter Well obviously the government was suggesting it before Judge Windmill That it was negligence in not adding this His decision and we didn't challenge this in our brief It's clear error whether or not this was reckless or not And so it is curious that there's a reckless act But if it's reckless as to immaterial items Then how reckless really is it You know if you're omitting facts that aren't material But is it immaterial the fact that she sold drugs Isn't that the most likely scenario that Judge Gould mentioned About perhaps some retaliation or framing going on because of a bad drug deal Isn't that the most likely alternative explanation Well it's so closely related that it seems material But when you add it to the rest of the probable cause It doesn't change the outcome And so I guess the materialism really goes to whether the outcome Or whether the fact itself is so closely related to the other facts It's almost as if there's two different I'm not articulating that very well No I think I understand what you mean I understand what you mean I agree it's troubling So what again is if I wanted to have a doctrinal handle Or put in some treatise for what was done by Judge Windmill So what is it he said it was reckless not to give the information But what Well I think it's most analogous to Maling Where there is an omission of something that should have been presented And that's not good But the ultimate decision is Was there probable cause if you add that or not Judge Windmill it seems concluded that this wasn't an attempt to Or whether it was an attempt or not That it didn't mislead the judicial officer into issuing this warrant Correct Right So is that like saying If the judicial officer had been told the facts that weren't disclosed That the witness dealt drugs herself That it wouldn't have made any difference The warrant would still have issued Right Given the other facts that were presented to the magistrate The fact that she sold drugs and prospectively agreed to work as a confidential informant Doesn't denude probable cause Mills sold drugs too right Or do I have that wrong I don't believe that that's in the record your honor Okay There were drugs found in the trailer There were multiple people living in the trailer They were both residents of the trailer There was no controlled purchases made Or undercover buys from Mills Those were Ms. Scales But Scales and Mills both resided there right They did along with other individuals Thank you counsel Through your time we'll permit appellants Counsel to have a minute for rebuttal Thank you your honor And your honor Judge Christin I believe you brought up the issue with Mr. Mills perception And I think that that's key Because the other is there was also the perception of a neighbor And that account was related to the magistrate And Mr. Nasker talks about given all the other facts And that's what's most troubling in this case Is given all the other facts Well the important facts here all come from Mr. Mills and Ms. Scales And from Mr. Mills the only statement is the McDog And from Ms. Scales you have this loose identification That takes place through a very narrow crevice in a door And the suggestion that Mr. Mills who's face to face Under the heat of the moment Is unable to identify his attacker when he's face to face The same could be said about the woman sitting behind the door Who's confronted by an attacker who also has a firearm That could come into the house Are you suggesting that Mills and Scales conspired to set up Ruiz? I believe that that would be a fair implication Even if he didn't go so far as to say he could identify, he could see? Yes your honor and I think that if the magistrate That's a pretty sophisticated conspiracy when they say Okay I'll identify the voice and yeah Okay that's fine that's argumentative sorry That's okay your honor At the end of the day it comes down to their credibility Ultimately for the issuance of the search warrant I understand looking at the face of it whether or not to issue Whether or not to find probable cause But it doesn't change the fact that the magistrate Never had the ability or the option to ask those important questions That this court certainly is asking today Thank you Thank you very much counsel The case is very well argued by counsel on both sides We appreciate it The United States v. Ruiz shall be submitted
judges: Fisher, Gould, Christen